UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS ANTONIO SANTIAGO,<br><br>Defendant. | Case No. 4:04-cr-211-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is defendant's motion for release to home confinement. The defendant brings his motion under 18 U.S.C. § 3582(c), which allows the Court to modify a term of imprisonment for extraordinary and compelling reasons either upon a motion of the Director of the Bureau of Prisons or on motion of the defendant.[1] The statute provides, in relevant part, that the Court

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment

---

[1] Section 3582 was amended by the First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194. Prior to this amendment the Court could only reduce a sentence of imprisonment upon a motion of the Director of the Bureau of Prisons.

MEMORANDUM DECISION AND ORDER - 1

18 U.S.C. § 3582(c)(1)(A).

There is no evidence that the defendant has exhausted his administrative remedies as required by this statute.  Accordingly, his motion must be denied.  *See U.S. v. Route,* 2020 WL 2063679 at *3 (holding that a "failure to exhaust administrative remedies is fatal to a compassionate release petition").

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for release to home confinement (docket no. 113) is DENIED.

DATED: July 13, 2020

B. Lynn Winmill
U.S. District Court Judge