UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS ANTONIO SANTIAGO,<br><br>Defendant. | Case No. 4:04-cr-00211-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Jesus Antonio Santiago's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c), *see* Dkt. 108, along with three related motions. *See* Dkts. 100, 101 and 110. For the reasons explained below, the Court will deny all pending motions.

# DISCUSSION

**1.    Request for a Reduced Sentence Based on Amendment 782**

Santiago seeks to reduce his 300-month sentence for conspiracy to possess/distribute methamphetamine to 264 months because of a 2014 amendment to the sentencing guidelines. Ordinarily, a court cannot change a sentence after it has been imposed. But 18 U.S.C. § 3582(c) creates an exception when a defendant

MEMORANDUM DECISION AND ORDER - 1

is sentenced based on a guidelines range that is subsequently lowered by an amendment to the United States Sentencing Guidelines.

This Court originally sentenced Santiago in 2005, relying on the sentencing guidelines then in effect. *See Nov. 2, 2005 Judgment*, Dkt. 66. Several years later, in 2014, the U.S. Sentencing Commission approved Amendment 782 to the guidelines, which lowered the sentencing ranges by two levels for most drug offenses – including Santiago's. The Commission also voted to make the changes retroactive, which means Santiago may seek a reduction of his original sentence, assuming he is eligible.

The problem here is that the Commission imposed restrictions on a court's ability to reduce a drug sentence, and those restrictions prevent the Court from reducing Santiago's sentence. The first restriction is found in the text of Guidelines § 1B1.10, which prohibits courts from reducing a defendant's sentence to less than the low end of the amended guideline. *See* USSG § 1B1.10(b)(2)(A); *Dillon v. United States*, 560 U.S. 817, 821 (2010). Additionally, the amended guideline range must be determined without regard to any departure or variance that a defendant received when originally sentenced – other than a departure for substantial assistance under § 5K1.1. *See* USSG § 1B1.10, cmts. 1(A) & 3. Applied here, this means that when the court recalculates Santiago's guidelines range, it

MEMORANDUM DECISION AND ORDER - 2

must first back out any departure or variance previously given, unless it was for substantial assistance.

Here, at Santiago's 2006 sentencing, the Court determined his total offense level as 40, which, with a criminal history category of IV, yielded a guidelines range of 360 months to life. Applying Amendment 782 results in an amended total offense level of 38, which, with a criminal history category of IV, yields a guidelines range of 324 to 405 months. The parties further agree that the Court granted a 60-month variance when it sentenced Santiago to a 300-month term of incarceration. *See, e.g. Santiago's Dec. 23, 2019 Motion,* at 3 ("the Court applied a variance of 60 months and sentenced this Petitioner to a 300 month (25 year) sentence, . . . .").

Given these facts, the Court cannot reduce Santiago's sentence. The low end of the amended guideline range – 324 months – is greater than the 300-month sentence Santiago received.

Santiago has also asked the Court to reduce his sentence for a different reason: He asks the Court to recalculate the quantity of drugs that was attributable to him during sentencing, and to then proceed with a reduced sentence under Amendment 782. *See Motion,* Dkt. 110. The Court cannot do this either.

The PSR estimated that Santiago delivered between 17 and 104.3 kilograms of methamphetamine and concluded that he was "responsible for delivering in

MEMORANDUM DECISION AND ORDER - 3

excess of 15 kilograms of methamphetamine." *See United States v. Santiago,* 466 F.3d 801, 804 n.5 (9th Cir. 2006). Although the sentencing judge expressed serious doubts as to the accuracy of the drug-quantity estimates, he ultimately stated that he was nonetheless "convinced that there's a sizable amount." *Id.* at 803. Santiago's counsel did not object to the drug-quantity findings in the PSR, so there was no disputed fact for the sentencing judge to resolve. The upshot is that the finding as to the drug quantity attributable to Santiago – in excess of 15 kilograms – remains in place. *See id.* ("Because, absent objection, the district court did not err in relying on the PSR, and because the PSR calculated the drug quantity individually attributable to Santiago, there was no plain error.").

District courts may supplement drug quantity findings "if they are necessary to determine a defendant's eligibility for a sentence reduction in light of a retroactive Guidelines amendments." *United States v. Mercado-Moreno,* 869 F.3d 942 (9th Cir. 2017). But the court "may not make supplemental findings that are inconsistent with the findings made by the original sentencing court." *Id.* Santiago is asking the Court to make a supplemental finding that is inconsistent with the previous finding. Specifically, although the PSR concluded that he was responsible for "in excess of 15 kilograms of methamphetamine," he is now asking the Court to reexamine that finding and hold him responsible for a lesser amount. The authority cited does not permit this sort of an inconsistent finding. *See id.*

For all these reasons, the Court will deny Santiago's request for a reduced sentence.

**2.     Other Requests**

In addition to asking for a reduced sentence because of Amendment 782, Santiago asks the Court for other forms of relief. The Court is not persuaded to grant any of these requests. In many instances, the Court does not have the authority to grant the request, and otherwise the Court is not persuaded to grant the requests (including, for example, Santiago's request for an attorney to help him determine if he is eligible for a sentence reduction).

Among other things, Santiago has asked the Court for assistance in calculating the Bureau of Prisons' calculation of the time he has served against his federal sentence. *See Dec. 8, 2015 Letter Motion,* Dkt. 101. He notes that his prison records show that he began serving his sentence on November 1, 2005 – the date the Court imposed sentence, yet he says he has been in custody since June 2004. He asks why his federal sentence does not begin to run on the earlier date.

When the Court imposed sentence, it recommended that Santiago be given credit for time served. *See* Dkt. 66, at 2. Additionally, the Court indicated his federal sentence should be served concurrently with two state-court sentences. *Id.* If Santiago is claiming that the Bureau of Prisons (BOP) has incorrectly calculated the time he has served on his federal sentence, he would need to file a petition

MEMORANDUM DECISION AND ORDER - 5

under 28 U.S.C. § 2241 in the district where he is incarcerated. *See Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000) ("petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court"). But even if he were to file such a petition, it is unclear if Santiago is entitled to relief. Under 18 U.S.C. § 3585(b), BOP may grant a federal prisoner credit for time spent in state or federal custody before imposition of a federal sentence – but only if that term of pre-term imprisonment "has not been credited against another sentence." 18 U.S.C. § 3585(b). Here, although Santiago does not clarify the point, it seems likely that he received credit against a state sentence for the time he spent in custody before his November 1, 2005 federal sentencing. As such, BOP could not properly credit this time against his federal sentence. As noted, though, this Court does not have jurisdiction to entertain this request. Santiago would need to file a § 2241 petition in the district where he is incarcerated.

## ORDER

IT IS ORDERED that:

1. Defendant's Motion to Appoint Counsel (Dkt. 100) is **DENIED**.

2. Defendant's Letter Request for Clarification (Dkt. 101) is **DENIED**.

3. Defendant's Motion for Reduced Sentence (Dkt. 108) is **DENIED**.

4.	Defendant's Motion to Reconsideration and Recalculation of Sentence Modification and Drug Quantity (Dkt. 110) is **DENIED**.

DATED: September 1, 2020

B. Lynn Winmill
U.S. District Court Judge