UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS ANTONIO SANTIAGO,<br><br>Defendant. | Case No. 4:04-cr-00211-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Jesus Antonio Santiago's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 137. The Government opposes the motion. After considering the briefing and record, the Court will deny the motion.

# BACKGROUND

In August 2005, Mr. Santiago pled guilty to conspiracy to distribute methamphetamine. He was 21 years old at that time. In the PSR, the estimated quantity of methamphetamine was between 17 and 104.3 kilograms. Defendant's offense level was calculated at 40, and his criminal history category was IV. The adjusted offense level was 38, which yielded a guidelines range of 325 to 405

**MEMORANDUM DECISION AND ORDER - 1**

months. The parties agreed to a 50-month variance, and the Court ultimately sentenced Mr. Santiago to 300 months' incarceration. He has served almost 16 years in prison, and his projected release date is February 19, 2027.

Mr. Santiago is currently incarcerated at USP Atwater. He is 37 years old and fully vaccinated for COVID-19. He says he suffers from painful kidney stones and further reports that he is Hispanic and that that ethnic group is more likely to suffer morbidity or mortality from the virus. *Motion,* Dkt. 137, at 1.

## LEGAL STANDARD

Defendant seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07

MEMORANDUM DECISION AND ORDER - 2

(9th Cir. 1998)).

## ANALYSIS

The § 3553(a) factors do not warrant a reduction of Mr. Santiago's sentence. The Court granted a variance at sentencing, and finds that the § 3553(a) factors do not warrant a further reduction. Further, the Court has considered Mr. Santiago's post-sentence conduct and medical history and finds that they do not significantly alter the § 3553(a) analysis.

Mr. Santiago's health conditions do not constitute extraordinary and compelling circumstances. First, even assuming he suffers from a chronic health condition (kidney disease), which is not borne out by the record provided to this Court, that condition would not, in itself, be grounds for release given the medical records that have been provided to the Court. Second, the medical records indicate that Mr. Santiago was to be fully vaccinated by June 2021. Finally, Mr. Santiago's ethnicity, either standing alone or in combination with his other reported health conditions, does not bolster his argument.

Under these circumstances, the Court does not find that Mr. Santiago's health conditions amount to extraordinary and compelling circumstances. The Court will therefore deny his motion.

## ORDER

**IT IS ORDERED** that Jesus Antonio Santiago's Motion for Compassionate Release (Dkt. 137) is DENIED.

DATED: August 18, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4